UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY CASANOVA,

      Petitioner,               Civil No. 2:20-CV-10413
                              HONORABLE DENISE PAGE HOOD
v.                         CHIEF UNITED STATES DISTRICT JUDGE

SHERMAN CAMPBELL,

      Respondent,
_____/

## OPINION AND ORDER GRANTING THE *EX PARTE* MOTION TO FILE INTERROGATION RECORDING IN THE TRADITIONAL MANNER

Anthony Casanova, ("Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, through the Michigan Attorney General's Office filed an *ex parte* motion to file a videotaped interrogation recording in the traditional manner. For the reasons that follow, the motion is **GRANTED.**

Effective June 1, 2004, the official record of filed cases within the United States District Court for the Eastern District of Michigan was maintained electronically. As of this date, attorneys were permitted to file pleadings and other documents in all cases by electronic means. *See* E.D. Mich. LR 5.1.1. As of October 1, 2005, LR 5.1.1 was amended to require electronic filing of all court

1

papers after November 30, 2005.  The Rule permits the Court to "excuse a party

from electronic filing on motion for good cause shown." LR 5.1.1(a).

In order to demonstrate good cause within the meaning of LR 5.1.1(a), "a

litigant must set forth reasons beyond the resistance to modernization, reluctance to

invest in new equipment, or an aversion to technology" to qualify for an exception

to electronic filing. *Smith v. Port Hope School Dist.*, 407 F. Supp. 2d 865, 868

(E.D. Mich. 2006).  Instead, "there must be evidence that unusual, unanticipated,

or extraordinary circumstances beyond the control of counsel" that would justify

relieving a litigant from the electronic filing requirement. *Id.*

The habeas corpus rules require respondents to attach the relevant portions

of the transcripts of the state court proceedings, if available, and the court may also

order, on its own motion, or upon the petitioner's request, that further portions of

the transcripts or additional evidence be furnished. *Griffin v. Rogers,* 308 F. 3d

647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. §

2254.  Respondent contends that one of the exhibits which she has filed with the

Rule 5 materials is a videotaped recording of a police interrogation with petitioner

which cannot be authentically converted to electronic form because it is in a DVD

format.  Respondent notes that part of the videotape was played for the state trial

court so that it could observe the content of the interrogation.

2

At least one judge in this district has permitted compact discs to be filed with the court in a traditional manner. *See Hawthorne-Burdine v. Oakland Univ.*, 158 F. Supp. 3d 586, 593, n. 8 (E.D. Mich. 2016).  This Court believes that respondent has shown good cause for not electronically filing the exhibit and will thus permit respondent to file the exhibit of the videotaped interrogation in the traditional manner with the Court.

**IT IS HEREBY ORDERED** that the *ex parte* motion to file the interrogation recording in a traditional manner (ECF No. 9) is **GRANTED.**

s/Denise Page Hood
Chief Judge, United States District

Dated: November 23, 2020